UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DELMART E.J.M. VREELAND, II, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 20-cv-2285 (TSC) <br> ) |
| PEOPLE'S REPUBLIC OF CHINA *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## MEMORANDUM OPINION

Plaintiff, a Colorado state prisoner appearing *pro se*, paid the full civil case filing fee but has now moved to proceed *in forma pauperis*. For the following reasons, Plaintiff's motion will be DENIED, and this case will be transferred to the District of Colorado.

### I. BACKGROUND

Plaintiff has sued the People's Republic of China, President Xi Jiping, and the Wuhan Institute of Virology in Wuhan, China (the "Foreign Defendants"); the United States, former President Donald J. Trump, the U.S. District Court for the District of Colorado, U.S. District Judge Philip A. Brimmer, and U.S. Magistrate Judge S. Kato Crews (the "Federal Defendants"); and Colorado Attorney General Philip J. Weist, two Colorado assistant Attorneys General, the Director of the Colorado Department of Corrections, and Warden William Little (the "Colorado Defendants"). Am. Comp. at 1, ECF No. 6. In addition, Plaintiff has listed as a defendant the "Prison Litigation

1

Reform Act ("PLRA"), 42 U.S.C. § 1997a(e)(a)," Compl. Caption, claiming that it "violates the establishment clause, due process, [and] equal treatment of law" and "is used by state actors as a shield to protect [them] from liability for [illegal] wrongdoing," Am. Compl. at 6.[1] He seeks "monetary relief, injunctive relief, and Court ordered basic processes by which all State and Federal prisons and institutions must comply with as it relates to the COVID-19 pandemic, testing, detection, and treatment if required." *Id*. at 9.

## II. LEGAL STANDARDS

The court must dismiss a case "at any time" if it determines that it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consequently, a party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

In addition, a district court must screen and immediately dismiss a prisoner's complaint against a governmental entity, official or employee if it finds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Dismissal is required "[n]otwithstanding any filing fee . . . that may have been paid." *Id*., § 1915(e)(2).

---

[1] Because a party cannot sue a federal law, *see* Fed. R. Civ. P. 17(b), the PLRA will be removed as a party-defendant.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases).  A plaintiff's factual allegations need not establish all elements of a prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010), but they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).  The presumption of truth accorded factual allegations at the pleading stage does not apply to a plaintiff's legal conclusions, including those "couched" as factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

### III.  ANALYSIS

#### A. The Foreign Defendants

The Foreign Sovereign Immunities Act (FSIA) "holds foreign states and their instrumentalities immune from the jurisdiction of federal and state courts," save exceptions set out in the Act.  *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020); *see Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) ("The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies") (internal quotation marks and citation omitted)).  Plaintiff's generalized allegations

attributing the origins of COVID-19 to actions that took place in China, *see* Am. Compl. at 6, 10-11, do not establish jurisdiction under the FSIA's listed exceptions.

### B. The Federal Defendants

Plaintiff's claims against the United States, including those against former President Trump and the federal judicial officers, fare no better. Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Plaintiff has invoked no consenting authority. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (identifying the Federal Tort Claims Act as a waiver of the United States' immunity save constitutional torts). Furthermore, his claims against the judicial officers are based on decisions rendered within the scope of their judicial duties, *see* Am. Compl. at 8-9, which district courts are not empowered to review. *See Prentice v. U.S. Dist. Ct. for E. Dist. of Michigan, S. Div.*, 307 Fed. App'x 460 (D.C. Cir. 2008) (per curiam) ("one district court has no jurisdiction to review the decision of another district court") (citation omitted); 28 U.S.C. § 1291 (conferring "jurisdiction of appeals from all final decisions of the district courts of the United States" to the federal courts of appeals). Therefore, the claims against both the Federal Defendants and the Foreign Defendants will be dismissed for want of jurisdiction.

### C. The Colorado Defendants

The remainder of the Amended Complaint alleges a litany of constitutional violations by the Colorado Defendants, whom Plaintiff has yet to serve with process.[2]

---

[2] Because Plaintiff is not proceeding *in forma pauperis*, he is responsible for "having the summons and complaint served within the time allowed by Rule 4(m)" upon each

*See generally* Stmt. of Facts at 7-21.  Because the conduct underlying those claims occurred at the Colorado correctional facility where Plaintiff is incarcerated, venue in this district is improper.  *See* 28 U.S.C. § 1391(b) (designating the proper venue as a judicial district in the State where "a substantial part of the events or omissions giving rise to the claim occurred").  And when "venue [is laid] in the wrong [judicial] district," a district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district "in which it could have been brought." 28 U.S.C. § 1406(a).  Transfers are favored to "preserv[e] a petitioner's ability to obtain review," *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001) (citation omitted), especially in *pro se* actions.  *See James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (citing cases).  Accordingly, the court will transfer the case to the federal district court in Colorado.  A corresponding order will issue separately.

Date: April 8, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

defendant.  Fed. R. Civ. P. 4(c)(1).  Whether to extend the time for service, Mots., ECF Nos. 9, 13, is a decision left for the receiving court.